Amy L. B. Ginsburg
GINSBURG LAW GROUP, P.C.
1012 N. Bethlehem Pike, Suite 103, Box #9
Ambler, PA 19002
Telephone: (855) 978-6564
Facsimile:  (855) 777-0043
Email: aginsburg@ginsburglawgroup.com

*Attorneys for Plaintiff,
R'Kes Starling*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| R'KES STARLING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STERLING FINANCIAL & CO.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND TEXAS BUSINESS & COMMERCE CODE**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, R'Kes Starling, on behalf of himself and all others similarly situated, through their counsel, and for their Class Action Complaint against Defendant, Sterling Financial & Co. ("Sterling"), state:

**INTRODUCTION**

1. Plaintiff brings this class action complaint for Defendants' violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, *et seq.*, and sections § 305.053 and § 302.101 of the Texas Business & Commercial Code.

**PARTIES**

2. R'Kes Starling, is a natural person who, at all times relevant to this Complaint, resided in Southlake, Texas.

3. Sterling is a for-profit limited liability company organized under New York law.

4. Sterling maintains its principal place of business at 30 Broad Street, New York, New

York, 10004.

5. Whenever it is alleged herein that any Defendant did any act, it is meant that the Defendant performed or participated in the act or that Defendant's officers, agents or employees performed or participated in the act on behalf of and under the authority of a Defendant.

## JURISDICTION AND VENUE

6. This Court's jurisdiction arises under 47 U.S.C. § 227(g)(2), and 28 U.S.C. §§ 1331 and 1337.

7. Venue is appropriate in this federal district under 47 U.S.C. § 227(g)(4) and 28 U.S.C. § 1391 because Defendant transacts business in the federal judicial district where the violations complained of herein occurred.

8. Supplemental jurisdiction for Plaintiff' state law claims arises under 28 U.S.C. § 1367

## BACKGROUND REGARDING CLAIMS

*A. The TCPA.*

9. The TCPA regulates, among other things, the use of a prerecorded message to make calls or send prerecorded calls. See 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

10. Specifically, the TCPA prohibits the sending of prerecorded message to wireless numbers in the absence of an emergency or prior express written consent of the called party. *See*, 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

11. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

12. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing

2

system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

### B. National Do Not Call Registry.

13. The National Do Not Call Registry allows consumers to register their telephone numbers thereby indicating their desire not to receive telephone solicitations at those numbers; and the registration "must be honored indefinitely, or until it is cancelled by the consumer or the telephone number is removed by the database administrator." 47 C.F.R. § 64.1200(c)(2).

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

15. Sterling is a "person" as that term is defined by 47 U.S.C. § 153(39).

16. Sterling is a "telemarketer" within the meaning of 47 C.F.R. § 64.1200(f)(12).

17. Mr. Starling's telephone number, XXX-XXX-6499, is registered to a cellular telephone service.

18. Mr. Starling's number ending in 6499 has been registered on the Do Not Call Registry since September 16, 2007.

19. Plaintiff has never sought or solicited information regarding Defendant's services prior to receiving the prerecorded calls at issue.

20. The Defendant has never had a "established business relationship" with Plaintiff within the meaning of 47 C.F.R. § 64.1200(f)(5).

21. Plaintiff did not consent to receiving any communications from Defendant.

22. On September 13, 2021 and twice on October 28, 2021, Mr. Starling received the following prerecorded message from Defendant on his cellular telephone ending in 6499:

3

> Hi. I am calling on behalf of Sterling Financial at 917-385-0474 to let you know that you have been approved for our business funding and line of credit opportunities ranging from 100,000 to 500,000. Our firm located at 30 Broad on Wall Street funds in just one day and probably has some of the lowest rates in the business financing industry. We do not require any extensive paperwork and our funding is completely unsecured with no collateral required. So please give us a call at 917-385-0474 to discuss real financial solutions to grow your business. Again that's 917-385-0474. Thank you and we look forward to speaking with you and appreciate your time.

23. The prerecorded messages Mr. Starling received on these dates were identical.

24. Thereafter, on February 14, 2022, Plaintiff received the following prerecorded message from Defendant on his cellular telephone ending in 6499:

> Hi. I am calling on behalf of Sterling Financial at 347-868-7989 to let you know that you have been approved for our business funding and line of credit opportunities ranging from 100,000 to 500,000. Our firm with offices in New York and Miami funds in just 24 hours and proudly has some of the lowest rates in the business financing industry. We do not require any extensive paperwork and our funding is completely unsecured with no collateral required. So please give us a call at 347-868-7989 to discuss real financial solutions to grow your business. Thank you and we look forward to speaking with you.

25. Plaintiff received another call from Defendant on May 3, 2022 to his cellular telephone ending in 6499:

> Hi. I am calling on behalf of Sterling Financial at 347-868-7989 to let you know that you have been approved for our business funding and line of credit opportunities ranging from 100,000 to 500,000. Our firm with offices in New York City and Miami funds in just 24 hours and proudly has some of the lowest rates in the business financing industry. We do not require any extensive paperwork and our funding is completely unsecured with no collateral required. So please give us a call at 347-868-7989 to discuss real financial solutions to grow your business. Thank you and we look forward to speaking with you.

26. The Defendant initiated calls to Plaintiff and transmitted prerecorded messages for the purpose of soliciting the use of its business lending services.

27. The Defendant's telephone calls and prerecorded messages, as alleged herein, constitute "telemarketing" within the meaning of 47 C.F.R. § 64.1200(f)(13).

28. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless

4

the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

29. Defendant is not registered with the Office of the Secretary of State. See https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp.

## **CLASS ALLEGATIONS**

30. Plaintiff brings this action on behalf of themselves and the following classes ("Classes") under Federal Rule of Civil Procedure 23.

31. ***Class Definition***. Plaintiffs propose the following Class definitions, subject to amendment as appropriate:

(a) **Prerecorded Message Class:** All persons within the United States to whom: *(i)* Defendant placed a prerecorded telemarketing message call *(ii)* to a residential landline or cellular telephone number without prior express written consent signed by the called party; and *(iii)* where the last call was made no earlier than the date that is four years prior to the filing of this action.

(b) **National Do Not Call Registry Class**: All persons within the United States to whom: *(i)* Defendant placed at least two telephone solicitation calls during a 12-month period; *(ii)* for telemarketing purposes; *(iii)* to a residential landline or cellular telephone number registered on the do-not-call list for at least 30 days prior to the first call; *(iv)* prior express written consent signed by the called party authorizing the calls; and *(v)* where the last call was made no earlier than the date that is four years prior to the filing of this action.

(c) **Texas 305.053 Class**: All residents of the State of Texas to whose telephone number Defendant placed a call in violation of 47 U.S.C. §227 in the four years prior to the filing of this action.

(d) **Texas 302.101 Class**: All residents of the State of Texas to whose telephone number Defendant placed a call in violation of Texas Business and Commerce Code §302.101 in the four years prior to the filing of this action.

32. Excluded from the Classes are the Plaintiff, Defendant, and their respective counsel, any entities in which Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate

5

family.

33. **Class Claims**.  The Class claims include all claims each Class member may have for a violation of the TCPA or Texas Business and Commerce Code arising from Defendant's use of a prerecorded message, placement of calls to telephone numbers registered on the National Do Not Call Registry, and calls placed while not registered with the Texas Secretary of State.  Plaintiff and all members of the Classes have been harmed by Defendant's acts, including, but not limited to, the invasion of their privacy, annoyance, waste of time, loss of their cell phone battery and cost to replenish it, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

34. **Numerosity.** The Class is so numerous and so geographically disbursed that joinder of their claims is impractical. There are at least 40 members in each of the Classes.

35. The Classes are identifiable through the Defendant's business records, dialer records, other phone records, and phone number databases.

36. **Commonality.** Common questions of law and fact exist as to members of the Classes; those common principal issues include whether: *(i)* Defendant's placement of telemarketing calls to a Class member's residential landline or cellular telephone number, which was registered on the do-not-call list at least 30 days prior to the first call, and without having the called-party's prior express without prior written consent, violates the TCPA; *(ii)* Defendant's placement of prerecorded telemarketing message calls to a Class member's residential landline or cellular telephone number without having the called-party's prior express without prior written consent, which failed to clearly state at the beginning of the message the identity of the business, individual, or other entity that is responsible for initiating the call, violates the TCPA; *(iv)* Defendant's TCPA violations warrant an award of treble damages; and *(v)* Defendant's systemic TCPA violations constitute a Texas Business and Commerce violation.

37. **Typicality.** Plaintiff's claims are typical of each Class member because those claims arise from Defendant's standardized course of conduct alleged herein.

38. **Adequacy.**  Plaintiff will fairly and adequately protect Class members' interests because Plaintiff's interests are not averse to the absent Class members and because they committed

to vigorously litigating this matter. Plaintiff retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

39. This action may be maintained under Fed. R. Civ. P. 23(b)(3) because the questions of law and fact common to members of the Classes predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The individual joinder of all Class members is impracticable, class action treatment will permit a large number of similarly situated persons to efficiently prosecute their common claims in a single forum without unnecessary duplication of effort and expense that individual actions engender, an important public interest is served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

40. This action may also be maintained under Fed. R. Civ. P. 23(b)(2) because the injunctive relief is available under 47 U.S. Code § 227(c)(5)(A) and Defendants have each acted or refused to act on grounds that apply generally to the Classes, such that final injunctive relief or corresponding declaratory relief is appropriate respecting the each of the Classes as a whole.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA's National Do-Not-Call Registry Provisions**
**47 U.S.C. 227(c) and 47 C.F.R. § 64.1200(c)(2)**

41. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by initiating multiple solicitation calls within a 12-month period to the residential and cellular telephone numbers belonging to Plaintiff and putative class members despite their registration on the National Do Not Call Registry and without having their signed, written prior express invitation or permission.

43. The Defendant's TCPA violations were negligent and/or willful.

44. The TCPA provides a private right of action for these claims under 47 U.S.C. § 227(c)(5).

7

## SECOND CAUSE OF ACTION
**Violations of the TCPA's National Do-Not-Call Registry Provisions**
**47 U.S.C. 227(b)(1) and 47 C.F.R. § 64.1200(b)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

46. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii)

47. By calling Plaintiff and the putative class members with a prerecorded voice, and without prior express consent of the called party to make such calls, Defendant violated the TCPA including but not limited to 47 U.S.C. § 227(b)(1).

48. The TCPA provides a private right of action and statutory damages of $500 per violation, and up to $1,500 if the violated is determined to be willful. 47 U.S.C. § 227(b)(3).

49. Defendant initiated numerous calls to Plaintiff and the putative class members using an automatically generated or pre-recorded voice.

50. Defendant's calls were not made for "emergency purposes."

51. Defendant's calls to Plaintiff and the putative class members were made without any prior express written consent.

52. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff and the putative class members.

## THIRD CAUSE OF ACTION
**Violations of Tex. Bus. & Com. Code § 305.053**

53. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

54. Defendant placed, or had placed on its behalf, telemarketing telephone calls to Plaintiff's and Class Members' telephone numbers.

8

55. Each of these calls violated 47 U.S.C. § 227.

56. Plaintiff and Class Members are entitled to: (a) a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305; (b). the greater of $500 for each violation or Plaintiff's and Texas § 305.053 Class Members' actual damages (see Tex. Bus. & Com. Code §304.053(b); (c) the greater of $1,500 for each violation or Plaintiff's and Texas § 305.053 Class Members' actual damages for each call made knowingly or intentionally (see Tex. Bus. & Com. Code §304.053(c).

### FOURTH CAUSE OF ACTION
### Violations of Tex. Bus. & Com. Code § 302.101

57. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

58. Plaintiff and each Class Member are a "consumer" as defined by § 301.001(2) of the Texas Business and Commerce Code.

59. Defendant is a "telephone solicitors" as defined by § 301.001(5) of the Texas Business & Commerce Code.

60. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

61. Defendant violated § 302.101 of the Texas Business & Commercial Code when their representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

62. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of their proposed Classes, pray for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing their counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §227(b);

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, inter alia, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages; and F. Such other and further relief that the Court deems reasonable and just.

**JURY TRIAL DEMAND**

Plaintiffs demand trial by jury on all issues so triable.

**GINSBURG LAW GROUP, P.C.**
*Attorneys for Plaintiff, R'Kes Starling*

Dated: September 22, 2022    By:    *s/ Amy L. B. Ginsburg*
                                    AMY L. B. GINSBURG